**Original filed 3/20/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL L. BRADFORD, | ) | No. C 05-4974 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION FOR ORDER WITHOUT PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) | |
| N. GRANNIS, et al., | ) | |
| Defendants. | ) | |
| | ) | (Docket Nos. 7, 8, 10) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 concerning his classification score within the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff also filed a motion for an order for Defendants to reply, a motion for appointment of counsel, and a motion for leave to file an amended complaint. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court will DENY Plaintiff's motion for order directing defendant's to reply (docket no. 7) without prejudice, DENY Plaintiff's motion for appointment of

1  counsel (docket no. 8) without prejudice, and GRANT in part Plaintiff's motion to file an
2  amended complaint. The Court will review the original complaint and DISMISS the
3  complaint with leave to amend.

## BACKGROUND

Plaintiff alleges that his CDCR classification score was miscalculated and that he is incorrectly housed in a maximum security setting. Plaintiff claims that he spends ninety-five percent of his time confined to his cell, suffering from sensory deprivation and loss of privileges including education, vocational training, rehabilitation, and psychotherapy treatment. Plaintiff maintains that Defendants Hager and Powell interviewed him regarding his request for a classification reduction and denied his request. Defendants Tucker and Grannis denied Plaintiff's administrative appeal concerning his classification score. Plaintiff seeks relief through the following request: a preliminary injunction to reduce his classification score and a transfer to a level 3 facility and punitive damages for Defendants' cruel and unusual punishment. See Complaint at 3-4.

## DISCUSSION

A.  Motion for Order for Defendants to Reply and Motion for Leave to File An Amended Complaint

Plaintiff has filed a motion for an order directing Defendants to file a reply to his complaint. Based on Plaintiff's request for leave to amend the complaint, and the Court's dismissal with leave to amend as set forth below, Plaintiff's motion for an order directing the Defendants to reply (docket no. 7) is DENIED without prejudice. Once Plaintiff has filed an amended complaint and the Court reviews the claims in the amended complaint, the Court will determine whether service of the amended complaint is appropriate.

Plaintiff filed a motion for leave to file an amended complaint to include an additional party and additional allegations against the named Defendants. Plaintiff states that he has suffered great bodily injury during an incident at Kern Valley State Prison and is currently housed in Administrative Segregation without any disciplinary charges

pending against him. The Court notes that Kern Valley State Prison is located in the Eastern District of California. Accordingly, Plaintiff's allegations concerning the conditions of his confinement at Kern Valley State Prison are not within the venue of this Court and the proper venue for these claims is in the Eastern District of California. See 28 U.S.C. § 1391(b). Plaintiff may file any complaints occurring at Kern Valley State Prison in the United States District Court for the Eastern District of California. However, the Court will GRANT Plaintiff's motion for leave to amend in part (docket no. 10), as set forth below to include additional parties or factual allegations concerning his claims while he was incarcerated at Salinas Valley State Prison.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause).

An amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored).

Here, Plaintiff requests leave of Court to file an amended complaint. The Defendants have not been served and the Court will review the merits of Plaintiff's original complaint and dismiss the complaint with leave to amend as set forth below. Accordingly, Plaintiff's motion for leave to file an amended complaint (docket no. 10) is

1  GRANTED in part.

2  B.    The Merits

3      **1.    Standard of Review**

4  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

**2.    Plaintiff's Claim**

a.    Classification

Plaintiff alleges that his classification score was miscalculated and that he is incorrectly housed in maximum security.  Plaintiff maintains that Defendants Hager and Powell interviewed him regarding his request for a classification reduction and denied his request.  Defendants Tucker and Grannis denied Plaintiff's administrative appeal concerning his classification score.  See Complaint at 3-4.

1       The Ninth Circuit has held that an inmate's misclassification does not inflict pain
2 so as to be cruel and unusual punishment in violation of the Eighth Amendment.  See
3 Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982).  Moreover, changes in
4 conditions relating to classification and reclassification do not implicate the Due Process
5 Clause itself.  See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing
6 Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular
7 classification).

8       Interests protected by the Due Process Clause may arise from two sources--the
9 Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215,
10 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an
11 unexpected manner implicate the Due Process Clause itself, whether or not they are
12 authorized by state law.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations
13 authorized by state law that are less severe or more closely related to the expected terms
14 of confinement may also amount to deprivations of a procedurally protected liberty
15 interest, provided that (1) state statutes or regulations narrowly restrict the power of
16 prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it,
17 and (2) the liberty in question is one of "real substance."  See id. at 477-87.

18       California's classification scheme is primarily designed to place inmates in a
19 facility with a security level commensurate with an inmate's classification score.  Inmate
20 placement is determined by two factors: total classification score and administrative
21 determinants.  See Cal. Code Regs. Title 15, §§ 3375, 3375.3(d)(1)(A), 3375.4(d)(1)(A).
22 However, California has created regulations from which a protected liberty interest in
23 classification may arise.  Therefore, in accord with Sandin v. Conner, 515 U.S. at 477-87,
24 the next question must be (1) whether the regulations creating the right to classification
25 narrowly restrict the power of prison officials to impose the deprivation, and (2) whether
26 a deprivation suffered concerning classification is one of "real substance."  The Ninth
27 Circuit has held that Hawaii's similar classification regulations which require a particular
28 result but reserve for prison administrators broad discretion about placement and transfer

Order Denying Plaintiff's Motion for Order Without Prejudice; Denying Motion for Appointment of Counsel; Granting Motion
for Leave to File Amended Complaint; Partial Dismissal Order; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\ Bradford974dwltamisc     5

decisions do not create a protected liberty interest. Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995). Because a prisoner must receive a certain classification score based on established and narrowly drawn criteria, it appears that the regulations for determining a classification score may meet the first prong of the Sandin test. However, it is unclear whether the deprivation of a correct classification score could be characterized as one of "real substance," unless it would impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484,[1] or "inevitably affect the duration of [a] sentence," id. at 487. Therefore, Plaintiff's claim is dismissed with leave to amend to allege such atypical and significant hardship if he can do so in good faith, as set forth below.

Accordingly, Plaintiff must show (1) that State regulations narrowly restricted prison officials' discretion to set his classification score and to determine his placement based on that score; (2) that the placement he complains of imposed an atypical hardship when compared to the ordinary incidents of prison life; and (3) that Plaintiff was not afforded notice and a meaningful opportunity to be heard on the matter of his proper classification. See Sandin v. Conner, 515 U.S. at 477-87.

     b.  Named Defendants

Plaintiff has named the following Defendants in his original complaint: Correctional Counselor I Hager, Correctional Counselor II Powell, Correctional Administrator A. Tucker and Chief Inmate Appeals Branch Coordinator N. Grannis.

As to Plaintiff's claim against Defendants Tucker and Grannis for denying his prison administrative appeal, Plaintiff has failed to allege a cognizable claim under § 1983. There is no constitutional right to a prison administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). A prison official's failure to process

---

[1] Cf. Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995)(despite prior case law determining disciplinary regulations created liberty interest, under Sandin no liberty interest when inmate placed in disciplinary segregation for fourteen days).

grievances, without more, accordingly is not actionable under § 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, Defendants Tucker and Grannis are dismissed from this action with leave to amend if Plaintiff can allege a cognizable claim against them in good faith.

Plaintiff must allege facts supporting each claim against each individual Defendant separately in his amended complaint showing his entitlement to relief from each Defendant. Plaintiff should list the constitutional right he has, describe what each Defendant did or failed to do, and describe how each Defendant's acts or omissions caused him injury. He should not refer to the Defendants as a group, i.e., "the Defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

Plaintiff will be given leave to amend the complaint to cure these deficiencies. Accordingly, the Court grants Plaintiff leave to file an amended complaint within **thirty days** of the date this order is filed to include sufficient facts to support his claim against each Defendant and the alleged constitutional violation he suffered.

C.     Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. Plaintiff contends that appointment of counsel is necessary because he is unable to afford counsel and the issues involved are complex. Plaintiff maintains that his imprisonment will greatly limit his ability to litigate the case because he has limited access to the law library and to legal materials and limited knowledge of the law. See Pl.'s Mot. at 1-2.

However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

1  The court may ask counsel to represent an indigent litigant under § 1915 only in
2  "exceptional circumstances," the determination of which requires an evaluation of both
3  (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate
4  his claims pro se in light of the complexity of the legal issues involved.  See Rand v.
5  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017
6  (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of
7  these factors must be viewed together before reaching a decision on a request for counsel
8  under § 1915.  See id.  Neither the need for discovery, nor the fact that the pro se litigant
9  would be better served with the assistance of counsel, necessarily qualify the issues
10 involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery
11 was comprehensive and focused and his papers were generally articulate and organized,
12 district court did not abuse discretion in denying request for counsel).

13 Because the Court has dismissed the original complaint with leave to amend and
14 granted Plaintiff's motion for leave to file an amended complaint, the Court has not yet
15 reviewed the merits of Plaintiff's amended complaint to determine whether the claims are
16 cognizable under 28 U.S.C. § 1915.  The Court concludes that appointment of counsel is
17 not necessary at this time.  Accordingly, Plaintiff's motion for appointment of counsel
18 (docket no. 8) is DENIED without prejudice.  Plaintiff may request counsel at a later
19 stage of the proceedings, if appropriate.

## CONCLUSION

21 1.  Plaintiff's motion for an order directing the Defendants to reply (docket no.
22 7) is DENIED without prejudice.

23 2.  Plaintiff's motion for leave to file an amended complaint (docket no. 10) is
24 GRANTED in part.  Plaintiff should file any complaints concerning the conditions of his
25 confinement at Kern Valley State Prison in the Eastern District of California, the proper
26 venue for such complaints.

27 3.  Plaintiff's motion for appointment of counsel (docket no. 8) is DENIED
28 without prejudice.

1      4.    Plaintiff's complaint is DISMISSED with leave to amend, as indicated
2 above, within **thirty days** from the date this order is filed. The amended complaint must
3 include the caption and civil case number used in this order (05-4974 JF (PR)) and the
4 words AMENDED COMPLAINT on the first page. Because an amended complaint
5 completely replaces the original complaint, Plaintiff must include in it all the claims he
6 wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied,
7 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint,
8 such as supporting documentation of the prison appeal process or exhibits, by reference.
9 Plaintiff must include all of his claims relating to Salinas Valley State Prison and name all
10 Defendants in the amended complaint. **Failure to file an amended complaint within**
11 **the designated time will result in the Court dismissing the original complaint**
12 **without prejudice for failure to state a cognizable claim.**
13      5.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
14 Court informed of any change of address by filing a separate paper with the clerk headed
15 "Notice of Change of Address." He must comply with the Court's orders in a timely
16 fashion or ask for an extension of time to do so. Failure to comply may result in the
17 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
18     IT IS SO ORDERED.
19 DATED: __3/20/07__                                   
20                               JEREMY FOGEL
                              United States District Judge
21
22
23
24
25
26
27
28

1   A copy of this ruling was mailed to the following:

2

Darrell L. Bradford
3   T-49982
Kern Valley State Prison
4   P.O. Box 5104
Delano, CA   93216
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motion for Order Without Prejudice; Denying Motion for Appointment of Counsel; Granting Motion
for Leave to File Amended Complaint; Partial Dismissal Order; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\ Bradford974dwltamisc                10